**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON OWENS, | No. 09-35565 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-06237-HO |
| v. | |
| LUMBER PRODUCTS, an Oregon corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 15, 2010
Portland, Oregon

Before: GOODWIN, PREGERSON and WARDLAW, Circuit Judges.

Jason Owens ("Plaintiff") appeals a summary judgment for Lumber Products

("Defendant") in Plaintiff's action against Defendant for violating the Americans

with Disabilities Act. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The ADA prohibits discrimination "against a qualified individual on the basis of disability . . . ." 42 U.S.C. § 12112(a); *Sutton v. United Air Lines*, 527 U.S. 471, 477 (1999).[1] The district court concluded that plaintiff is not disabled because his narcolepsy can be completely controlled with a combination of Provigil and Adderall, as Plaintiff conceded in his deposition, and because he is disqualified from only a "single, particular job."

Plaintiff argues he is disqualified from all jobs operating machinery; Defendant argues Plaintiff is only disqualified from working as a night-shift forklift operator. The district court's order states that Plaintiff is disqualified from only a single, particular job before mentioning whether Plaintiff can work the day shift. When the order discusses the day shift, it notes that Plaintiff "implie[d] that perhaps he could" operate a forklift without Adderall on the day shift. This is not a finding of fact upon which a court would base its order. Thus, the district court's finding that Plaintiff is disqualified from only a single, particular job is not based on a finding that Plaintiff can work the day shift without Adderall.

Defendant argues that the undisputed evidence shows that Plaintiff can work the day shift without Adderall. The medical evidence is three letters from

---

[1]*Sutton* was limited by the 2008 ADA Amendments, but the parties agree the amendments do no apply retroactively to this case.

Plaintiff's doctor, the doctor's declaration, and Plaintiff's deposition.   While the doctor's first two letters support Defendant's position, the third letter creates a triable issue of fact.  That letter states that Plaintiff "failed Provigil because of daytime sleepiness at home."  Although the letter recommends transferring Plaintiff to the day shift "to avoid high doses of stimulants," it never states that Plaintiff would not need Adderall while working the day shift.

Plaintiff's deposition, considered in the light most favorable to him, also creates a triable issue of fact.  Although Plaintiff conceded that Provigil alone worked 100% of the time at work, he also stated that he experienced bouts of extreme daytime sleepiness.   A trier of fact could conclude that Plaintiff's daytime sleepiness at home is sufficient to cause a reasonable person to refrain from operating machinery without Adderall, even during the day.  Thus, the undisputed evidence does not show that Plaintiff can work the day shift without Adderall.

Defendant argues that Plaintiff did not claim in district court that he is disabled by the side effects of his medicine and has waived such an argument.  However, "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures–both positive and negative–must be taken into account when judging whether that person is 'substantially limited'" in his ability to work.  *Sutton*, 527 U.S. at 482.  Defendant will not allow Plaintiff

to operate a forklift with his narcolepsy untreated, and will not allow Plaintiff to operate a forklift when he has taken Adderall.  Thus, while Plaintiff states he has not experienced any physical side effects from Adderall, the Court must consider that Defendant will not allow Plaintiff to work while medicated.

Finally, Defendant argues that even if Plaintiff is disqualified from operating machinery on any shift, Plaintiff has not provided sufficient evidence to show that he is restricted from performing a class of jobs or a broad range of jobs.  *See* 29 C.F.R. § 1630.2(j)(3)(i); *see also Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 795 (9th Cir. 2001).  Although Plaintiff has not produced evidence of his level of education or other jobs for which he might be qualified, it is difficult to imagine a job that uses Plaintiff's skills–he is a certified forklift operator–that does not require him to operate machinery.  Thus, Plaintiff is distinguishable from plaintiffs whose skills could be utilized at other jobs within their fields.  *See Sutton*, 527 U.S. at 493 (concluding that "the position of global airline pilot is a single job" where other positions such as regional pilot and pilot instructor were available to the plaintiffs and used their skills); *Thornton*, 261 F.3d at 796 (concluding that "reporting" constituted a single job where the plaintiff's skills enabled her to work as a freelance journalist and teach journalism during the litigation; *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540 (9th Cir. 1997) (per

curiam) (concluding that the plaintiff's inability to perform "total patient care" as the result of back and neck strain did not prevent her from working in the entire class of health care industry jobs).

Because disputed questions of fact remain to be resolved concerning Plaintiff's ability to work and the degree of accommodation required of Defendant, the district court erred in granting summary judgment.

**REVERSED AND REMANDED**.